JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jason Marino and Joy Marino, h/w, et al.

**DEFENDANTS**
Pilot Travel Centers, LLC, et al.

**(b)** County of Residence of First Listed Plaintiff   Lehigh, Pennsylvania
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Knox, Tennessee
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Villari, Lentz & Lynam, LLC
1600 Market Street, Suite 1800
Philadelphia, PA 19103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☒ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                              *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U. S. C.S. § 1332
Brief description of cause:
Defendants' reckless and negligent conduct

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE

DOCKET NUMBER

DATE
08/07/2014

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

JASON MARINO and JOY MARINO, h/w      :
324 Diamond Street      :
Slatington, Pennsylvania 18080      :
     and      :
THOMAS MARINO and LISA MARINO, h/w      :
1405 Seville Drive      :
Slatington, Pennsylvania 18080,      :
     :
               Plaintiffs,      :      CIVIL ACTION
     :
       v.      :
     :
PILOT TRAVEL CENTERS, LLC      :
5508 Lonas Drive      :
Knoxville, Tennessee, 37909-3221      :
     and      :
SOVEREIGN CONSULTING, INC.      :
111-A North Gold Drive      :
Robbinsville, New Jersey 98691,      :
     :      JURY TRIAL DEMANDED
               Defendants.      :

---

## CIVIL ACTION COMPLAINT

### I. PARTIES

    1.    Plaintiff, Jason Marino, is a 32 year-old individual, *sui juris*, and resides at 324 Diamond Street, Slatington, Pennsylvania 18080.

    2.    Jason Marino is a citizen of the Commonwealth of Pennsylvania.

    3.    Jason Marino is married and has two children -- ages 3 and 5 -- and at all times material hereto Jason Marino was employed as a plumber.

    4.    As a direct result of Defendants' reckless and negligent conduct set forth below, Jason Marino suffers, *inter alia*, acute renal disease and kidney failure, and requires a kidney transplant to survive.

5.    Plaintiff, Joy Marino, is an adult individual, *sui juris*, and resides at 324 Diamond Street, Slatington, Pennsylvania 18080.

6.    Joy Marino, who is married to Plaintiff Jason Marino, is a citizen of the Commonwealth of Pennsylvania.

7.    As a direct result of Defendants' reckless and negligent conduct set forth below, Joy Marino suffered, and will continue to suffer, the loss of her husband's consortium.

8.    Plaintiff, Thomas Marino, is an adult individual, *sui juris*, and resides at 324 Diamond Street, Slatington, Pennsylvania 18080.

9.    Thomas Marino, who is Jason Marino's Father, is a citizen of the Commonwealth of Pennsylvania.

10.    Lisa Marino, who is married to Plaintiff Thomas Marino, is a citizen of the Commonwealth of Pennsylvania.

11.    As a direct result of Defendants' reckless and negligent conduct set forth below, Lisa Marino suffered, and will continue to suffer, the loss of her husband's consortium.

12.    Defendant, Pilot Travel Centers, LLC ("Pilot"), is a limited liability company created under the laws of the State of Delaware.

13.    Pilot is registered with the Delaware Department of State under file number 3382581, and maintains its principal place of business at 5508 Lonas Drive, Knoxville, Tennessee 37909-3221.

14.    No member of Pilot is a citizen of the Commonwealth of Pennsylvania.

15.    At all times material hereto, Pilot acted by and through its members, employees, agents, ostensible agents, workmen and/or servants, and is vicariously liable for the reckless and negligent conduct of its members, employees, agents, ostensible agents, workmen and/or

servants.

16.     Pilot owns and operates over three hundred (300) retail fuel and travel centers ("Travel Centers") in more than forty (40) states, including Pennsylvania.

17.     Pilot's Travel Centers sell fuel, food, and merchandise to truck drivers and other on-the-road travelers.

18.     At all times material hereto, Pilot owned and operated the Travel Center known as "Flying J Travel Plaza 710" -- referred to herein as "Plaza 710" -- which is located at 1623 Oliver Road, New Milford, Pennsylvania 18834-7517.

19.     Defendant, Sovereign Consulting, Inc. ("Sovereign"), is a corporation that is incorporated for purposes of citizenship in the State of New Jersey.

20.     Sovereign maintains its principal place of business at 111-A North Gold Drive, Robbinsville, New Jersey 98691.

21.     At all times material hereto, Sovereign acted by and through its employees, agents, ostensible agents, workmen and/or servants, and is vicariously liable for the reckless and negligent conduct of its employees, agents, ostensible agents, workmen and/or servants.

22.     Sovereign purports to be "an environmental consulting and remediation firm based in New Jersey, with offices located throughout the country, providing assessment, engineering, construction management, and remediation services to clients throughout the U.S." See www.sovcon.com/index.php/markets/petroleum.

23.     Among other endeavors, Sovereign "manages environmental programs for petroleum companies" and performs "environmental services at more than 800 service stations, terminals, and refineries in the U.S." Id.

24.     At all times material hereto, Sovereign provided environmental consulting and

3

remediation services out of its Pennsylvania office located at 50 West Welsh Pool Road, Suite 6, Exton, Pennsylvania 19341.

25.     At all times material hereto, Sovereign performed environmental consulting services for Pilot at Plaza 710.

## II.  JURSIDICTION

26.     This Court has original jurisdiction under 28 U.S.C.S. § 1332 because Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds One Hundred Fifty Thousand Dollars ($150,000.00).

## III.  VENUE

27.     Sovereign maintains offices in the Eastern District of Pennsylvania (Exton, Pennsylvania) and regularly and continuously conducts business in this judicial district.  The work performed by Sovereign that is the subject of this complaint was performed out of the Exton, Pennsylvania office.  This Court therefore has personal jurisdiction over Sovereign, and venue is proper in this judicial district under 28 U.S.C.S. § 1391(b)(1) and (d).

28.     Pilot owns and operates several Travel Centers throughout Pennsylvania, and this Court has personal jurisdiction over Pilot as a result of its business activities in this Commonwealth.  Because Pilot is subject to the Court's personal jurisdiction, and because venue is proper in this judicial district with respect to Sovereign, venue also is proper with respect to Pilot pursuant to 28 U.S.C.S. § 1391(b)(1) and (c)(2).

## IV.  FACTS

29.     Between October 2003 and November 15, 2013, Pilot was cited **multiple** times by the Pennsylvania Department of Environmental Protection (DEP) for failing to safely maintain its underground fuel tanks at Plaza 710.

4

30.     In 2003 alone, the DEP cited Pilot for at least thirty-six (36) violations of Pennsylvania safety regulations governing the underground fuel tanks at Plaza 710.   In particular, the DEP cited Pilot for the following:

- thirty (30) violations of 25 Pa. Code 245.435, based on Pilot's "failure to comply with underground storage tank system reporting and recordkeeping requirements"; and

- six (6) violations of 25 Pa. Code 245.431 and 245.433, based on Pilot's failure to control "spill and overfill" in its fuel tanks.

31.     Between 2009 and 2012, the DEP issued Pilot another array of citations for its failure to maintain its underground fuel tanks in compliance with multiple safety regulations. Pilot's safety violations included, *inter alia*:

- four (4) violations of Pa. Code 245.441, 245.442. 245.443. 245.444, and 245.446, based on Pilot's "failure to comply with underground storage tank system release detection requirements"; and

- six (6) violations of Pa. Code 245.432, based on Pilot's "failure to meet underground storage tank system operational requirements.

32.     Prior to November 15, 2013, Pilot learned that its underground tanks at Plaza 710 were leaking diesel fuel.

33.     The DEP inspected Plaza 710 and again discovered a myriad of safety violations involving Pilot's underground fuel tanks.

34.     On November 15, 2013, as a result of its investigation, the DEP cited Pilot for **four (4)** violations of 25 Pa. Code 245.304, **based on Pilot's failure to investigate "suspected release[s]" in its underground fuel tanks.**

35.     In addition to citing Pilot for **failing to investigate suspected fuel leaks in its underground tanks**, the DEP also cited Pilot for the following:

- four (4) violations of 25 Pa. Code 245.421, based on Pilot's "failure to meet performance standards for new/upgraded tanks";

5

- four (4) violations of 25 Pa. Code 245.432, based on Pilot's "failure to meet underground storage tank system operational requirements";

- one (1) violation of 35 P.S. 6021.1310, based on Pilot's "unlawful conduct" in failing to comply with safety regulations regarding its underground diesel fuel tanks.

36.     In late 2013 or early 2014, Pilot retained defendant Sovereign to conduct underground environmental testing at Plaza 710 as part of the Department of Environmental Protection's remediation requirements.

37.     In late January / early February 2014, Sovereign commenced underground drilling to test for fuel leakage in Pilot's underground tanks.

38.     Sovereign drilled underground for soil samples that would be tested for the presence of diesel fuel.

39.     In early February 2014, Sovereign struck and ruptured an underground waterline while drilling for soil samples at Plaza 710.

40.     Sovereign and/or Pilot subsequently hired Remco, Inc. to repair the underground waterline at Plaza 710.  At all times material hereto Plaintiff, Jason Marino, was a plumber employed by Remco, Inc.

41.     Because frigid temperatures and inclement weather rendered the ground too frozen to excavate, Jason Marino could not commence work at Plaza 710 until March 21, 2014.

42.     In the meantime, the water was shut off for the ruptured waterline.

43.     Upon information and belief, by the time Jason Marino commenced work at Plaza 710 on March 21, 2014, Sovereign had already obtained the results of its soil sampling but failed to inform Jason Marino of these results.

44.     When Jason Marino dug into the ground to access the ruptured waterline, the

6

large pit that he dug immediately filled with thick fluid, despite the fact that the water remained shut off.

45.     Although Jason Marino used a pump to remove the thick fluid, the fluid continuously seeped into the pit and rose as high as Jason Marino's knees and mid-section.  In fact, so much fluid was leaking into the pit that the pump burnt out and a pump truck from an outside vendor was brought in to help evacuate the fluid from the pit so that repairs could be made.

46.     Jason Marino worked in the pit for approximately five (5) days, often on his hands and knees and therefore submerged in the fluid up to his waist.

47.     A consultant/engineer from Sovereign, who watched and monitored Jason Marino as he worked, meanwhile took pictures of the fluid-filled pit as part of his investigation of the diesel fuel leaks.

48.     Unbeknownst to Jason Marino at the time -- *but known to Defendants* -- the underground fluid that saturated Jason Marino was composed in large part of diesel fuel leaking from Pilot's fuel tanks.

49.     Pilot knew of its leaking fuel tanks because of the *multiple* DEP citations.

50.     Sovereign knew of the leaking fuel tanks because they were the subject of Sovereign's consulting and remediation services, because Sovereign's agents saw first-hand the leaking fuel that permeated the soil, and because Sovereign took soil samples at Plaza 710.

51.     Diesel fuel, in its liquid form, quickly absorbs into a person's skin upon contact and penetrates the person's blood stream.  The fumes from diesel fuel, if inhaled, can rapidly enter the blood stream.

52.     Acute exposure to diesel fuel through inhalation and contact with the skin, such as

that which Jason Marino endured, causes renal failure and poisoning of the liver and kidneys.

53.     Despite their knowledge of the underground diesel fuel leaks, Defendants never warned Jason Marino or his employer of the known dangers.  Nor did Defendants offer, or even suggest the use of, protective gear to prevent the absorption of the toxic fuel into Jason Marino's body.

54.     Defendants never warned Jason Marino of the diesel fuel leaks that plagued Plaza 710's fuel tanks for **several years**, or of the dangers of unprotected exposure to diesel fuel.

55.     In April 2014, within days of completing his work at Plaza 710, Jason Marino experienced nausea, dizziness, excessive tiredness, and difficulty eating.

56.     JasonMarino had retained his work clothes and pump, which have since tested positive for the significant presence of diesel fuel.

57.     On May 1, 2014, Jason Marino presented to the emergency room of St. Luke's Hospital & Health Network and ultimately was admitted to the Hospital's Intensive Care Unit for life threatening metabolic acidosis secondary to acute renal failure.

58.     Jason Marino remained hospitalized for eight days, during which his condition was worked up.

59.     Pathology studies revealed, inter alia, that Jason Marino had sustained severe glomerulosclerosis, which is scarring of the small vessels of the kidneys that filter urine from the blood.

60.     Jason Marino was advised that the acute scarring of his kidneys and related renal dysfunction was not reversible.

61.     Jason Marino was further advised by his treating physicians that he suffers end stage renal failure and requires a kidney transplant, without which he will not survive.

62. Jason Marino is currently on dialysis three times per week.

63. Jason Marino, as a result of dialysis, is currently at increased risk of death, cardiac arrhythmia, development of cardiac disease, low blood pressure, direct perfusion related injuries, infection, systemic inflammation, anemia, bone disease, fluid overload, amyloidosis, depression, anxiety and reduced appetite.

64. Jason Marino has been placed on a kidney transplant list. The wait for a kidney is as long as three years.

65. Jason Marino's father, Thomas Marino, had agreed to donate one of his kidneys to his son, but he is an inadequate match, which precludes transplant.

66. Therefore, in an effort to reduce his son's wait time for a kidney from the kidney bank and thereby reduce the risks of dialysis, including death, Thomas Marino has agreed to donate a kidney to the kidney bank for use by some other recipient in order to obtain a matching kidney from the kidney bank for his son on an accelerated basis.

67. To date, Jason Marino is still waiting for a matching kidney.

68. Following Jason Marino's transplant, he will have significant risks and limitations related to the risk of organ rejection and living with a single kidney.

69. Following Thomas Marino's donor surgery, he will have significant risks and limitations related to living with a single kidney.

### COUNT I -- NEGLIGENCE
### JASON MARINO v. PILOT TRAVEL CENTERS, LLC

70 Plaintiffs incorporate the averments contained in paragraphs one (1) through sixty-nine (69), above, as though they are fully set forth below.

71. At all times material hereto, Jason Marino was an invitee on Pilot's property.

72. At all times material hereto, Pilot acted by and through its members, employees,

9

agents, ostensible agents, workmen and/or servants, and is vicariously liable for the reckless and negligent conduct of its employees, agents, ostensible agents, workmen and/or servants.

73.    The reckless and negligent conduct of Pilot, which caused Jason Marino to suffer severe, permanent, and life-threatening injuries, included, *inter alia*:

      a.     Failing to maintain its underground diesel fuel tanks;

      b.     Failing to investigate and remedy the known, hazardous, leaks in its underground diesel fuel tanks;

      c.     Failing to upgrade its diesel fuel tanks to comply with governmental safety regulations promulgated to prevent hazardous fuel leaks;

      d.     Failing to operate its diesel fuel tanks in compliance with governmental safety regulations promulgated to prevent underground fuel leaks;

      e.     Failing to inform Jason Marino of its fuel tank leaks despite knowledge of the health hazard;

      f.     Allowing Jason Marino to excavate its property despite knowledge that its underground soil was saturated with hazardous diesel fuel;

      g.     Failing to monitor and supervise Jason Marino's work to ensure he was not exposed to the hazardous conditions on its property;

      h.     Allowing excavation to occur on its underground water pipe without first fixing its leaking and hazardous underground fuel tanks;

      i.     Allowing excavation on its property without first ensuring that its leaking underground fuel tanks would not expose workers, including Jason Marino, to hazardous diesel fuel;

      j.     Negligence *per se* for violating safety regulations intended to prevent the harms suffered by Jason Marino; and

      k.     Knowingly exposing Jason Marino to hazardous conditions on its property.

74.    As a direct and proximate result of Pilot's recklessness and negligence, Jason Marino sustained severe, permanent, and life-threatening injuries, including, *inter alia*: kidney failure, end stage renal disease, extreme physical pain/discomfort, severe nausea, loss of appetite,

severe dizziness, fatigue, mental anguish, and depression.

75.     As a direct and proximate result of Pilot's recklessness and negligence, Jason Marino has lost all functionality in both kidneys and requires a kidney transplant.

76.     As a direct and proximate result of Pilot's recklessness and negligence, Jason Marino must undergo an invasive, life-saving surgical procedure and will have restrictions and risks for the remainder of his life related to living with only one kidney.

77.     As a direct and proximate result of Pilot's recklessness and negligence, Jason Marino has been compelled to expend large sums of money for medicine and medical attention and will expend additional sums for the same purposes in the future.

78.     As a direct and proximate result of Pilot's recklessness and negligence, Jason Marino has suffered in the past, and will suffer in the future, an inability to perform his usual and daily duties, labors, occupations, and avocations.

79.     As a direct and proximate result of Pilot's recklessness and negligence, Jason Marino has suffered physical pain, mental anguish, humiliation, and the loss of life's pleasures, and he will continue to suffer the same for an indefinite time in the future.

80.     As a direct and proximate result of Pilot's recklessness and negligence, Jason Marino has suffered in the past, and will suffer in the future, a loss of earnings and earning capacity.

WHEREFORE, Plaintiff, Jason Marino, demands judgment against Defendant, Pilot Travel Centers, LLC, for compensatory and punitive damages in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), plus interest, attorneys' fees, and such other just and equitable relief as this Honorable Court deems proper.

## COUNT II -- VIOLATIONS OF THE STORAGE TANK
## AND SPILL PREVENTION ACT (STSPA)
## JASON MARINO v. PILOT TRAVEL CENTERS, LLC

81.     Plaintiffs incorporate the averments contained in paragraphs one (1) through eighty (80), above, as though they are fully set forth below.

82.     Under the Storage Tank and Spill Prevention Act (STSPA), 35 P.S. § 6021.102 *et seq.*, Jason Marino may bring a civil action against Pilot to recover for the personal injuries he sustained as a result of the unlawful release of diesel fuel from Pilot's underground tanks.  See Wack v. Farmland Industries, Inc., 744 A.2d 265, 267-268 (Pa. Super. 1999) (citing 35 P.S. § 6021.1305), *abrogated in part on other grounds by* Trach v. Fellin, 817 A.2d 1102, 1112 (Pa. Super. 2003); Centolanza v. Lehigh Valley Dairies Inc., 540 Pa. 398 (1995); Krebs v. United Refining Company of Pennsylvania, 893 A.2d 776, 786 (Pa. Super. 2006); Bruni v. Exxon Corp, 52 Pa. D. & C.4th 484, 493-494 (Ct. Com. Pl. Allegheny Cnty. 2001).[1]

83.     As a direct and proximate result of Pilot's leaking diesel fuel tanks at Plaza 710, Jason Marino sustained severe, permanent, and life-threatening injuries, including, *inter alia*: kidney failure, end stage renal disease, extreme physical pain/discomfort, severe nausea, loss of appetite, severe dizziness, fatigue, mental anguish, and depression.

84.     As a direct and proximate result of Pilot's leaking diesel fuel tanks at Plaza 710, Jason Marino has lost all functionality in both kidneys and requires a kidney transplant.

85.     As a direct and proximate result of Pilot's leaking diesel fuel tanks at Plaza 710, Jason Marino must undergo an invasive, life-saving surgical procedure and will have restrictions and risks for the remainder of his life related to living with only one kidney.

---

[1] Under the STSPA, there is a rebuttable presumption that Pilot is "liable, without proof of fault, negligence or causation, for all damages, contamination or pollution within 2,500 feet of the perimeter" of its leaking diesel fuel tanks.  See Wack, 744 A.2d 265, 267-268 (*citing* 35 P.S. § 6021.1311).

86.     As a direct and proximate result of Pilot's leaking diesel fuel tanks at Plaza 710, Jason Marino has been compelled to expend large sums of money for medicine and medical attention and will expend additional sums for the same purposes in the future.

87.     As a direct and proximate result of Pilot's leaking diesel fuel tanks at Plaza 710, Jason Marino has suffered in the past, and will suffer in the future, an inability to perform his usual and daily duties, labors, occupations, and avocations.

88.     As a direct and proximate result of Pilot's leaking diesel fuel tanks at Plaza 710, Jason Marino has suffered physical pain, mental anguish, humiliation, and the loss of life's pleasures, and he will continue to suffer the same for an indefinite time in the future.

89.     As a direct and proximate result of Pilot's leaking diesel fuel tanks at Plaza 710, Jason Marino has suffered in the past, and will suffer in the future, a loss of earnings and earning capacity.

WHEREFORE, Plaintiff, Jason Marino, demands judgment against Defendant, Pilot Travel Centers, LLC, for compensatory damages under the Storage Tank and Spill Prevention Act in excess of One Hundred Fifty Thousand Dollars ($150,000.00), plus interest, attorneys' fees under 35 P.S. § 6021. 1305(f), and such other just and equitable relief as this Honorable Court deems proper.

## COUNT III -- NEGLIGENCE
## JASON MARINO v. SOVEREIGN CONSULTING, INC.

90.     Plaintiffs incorporate the averments contained in paragraphs one (1) through eighty-nine (89), above, as though they are fully set forth below.

91.     At all times material hereto, Sovereign acted by and through its employees, agents, ostensible agents, workmen and/or servants, and is vicariously liable for the reckless and negligent conduct of its employees, agents, ostensible agents, workmen and/or servants.

13

92.    The reckless and negligent conduct of Sovereign, which caused Jason Marino to suffer severe, permanent, and life-threatening injuries, included, *inter alia*:

    a.    Failing to warn Jason Marino of the leaking diesel fuel tanks;

    b.    Failing to warn Jason Marino that hazardous diesel fuel saturated the ground which Sovereign hired Jason Marino to excavate;

    c.    Failing to warn Jason Marino that Sovereign hired him to perform work involving substantial hazards to his health;

    d.    Failing to inform Jason Marino of the numerous safety violations involving the underground diesel fuel tanks at Plaza 710;

    e.    Failing to ensure that the soil surrounding the ruptured waterline was not polluted with hazardous diesel fuel;

    f.    Failing to inform Jason Marino that the thick fluid around the ruptured waterline contained large amounts of hazardous diesel fuel;

    g.    Failing to fix the leaking fuel tanks before hiring Jason Marino to work on the ruptured waterline;

    h.    Failing to remediate the hazardous soil before hiring Jason Marino to work on the ruptured waterline; and

    i.    Knowingly exposing Jason Marino to hazardous conditions in reckless disregard of his health and safety.

93.    As a direct and proximate result of Sovereign's recklessness and negligence, Jason Marino sustained severe, permanent, and life-threatening injuries, including, *inter alia*:  kidney failure, end stage renal disease, extreme physical pain/discomfort, severe nausea, loss of appetite, severe dizziness, fatigue, mental anguish, and depression.

94.    As a direct and proximate result of Sovereign's recklessness and negligence, Jason Marino has lost all functionality in both kidneys and requires a kidney transplant.

95.    As a direct and proximate result of Sovereign's recklessness and negligence, Jason Marino must undergo an invasive, life-saving surgical procedure and will have restrictions and

risks for the remainder of his life related to living with only one kidney.

96.    As a direct and proximate result of Sovereign's recklessness and negligence, Jason Marino has been compelled to expend large sums of money for medicine and medical attention and will expend additional sums for the same purposes in the future.

97.    As a direct and proximate result of Sovereign's recklessness and negligence, Jason Marino has suffered in the past, and will suffer in the future, an inability to perform his usual and daily duties, labors, occupations, and avocations.

98.    As a direct and proximate result of Sovereign's recklessness and negligence, Jason Marino has suffered physical pain, mental anguish, humiliation, and the loss of life's pleasures, and he will continue to suffer the same for an indefinite time in the future.

99.    As a direct and proximate result of Sovereign's recklessness and negligence, Jason Marino has suffered in the past, and will suffer in the future, a loss of earnings and earning capacity.

WHEREFORE, Plaintiff, Jason Marino, demands judgment against Defendant, Sovereign Consulting, Inc., for compensatory and punitive damages in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), plus interest, attorneys' fees, and such other just and equitable relief as this Honorable Court deems proper.

### COUNT IV -- LOSS OF CONSORTIUM
### JOY MARINO v. PILOT TRAVEL CENTERS, LLC
### AND SOVEREIGN CONSULTING, INC.

100.    Plaintiff, Joy Marino, incorporates the averments set forth in paragraphs one (1) through ninety-nine (99), above, as though they are fully set forth below.

101.    Plaintiff, Joy Marino, as a direct result of the recklessness and negligence of Defendants and their agents, servants, work persons, ostensible agents and employees, has lost

the usual support, society, comfort and economic support of her husband, Jason Marino; has

been deprived of the consortium, assistance, companionship and useful services of her husband;

has been required to provide special services and care for her husband; and has been in the past,

is presently, and will in the future be required to expend sums of money for medical treatment

for her husband.

WHEREFORE, Plaintiff, Joy Marino, demands judgment against Defendants, Pilot

Travel Centers, LLC and Sovereign Consulting, Inc., for compensatory damages in excess of

One Hundred and Fifty Thousand Dollars ($150,000.00), plus interest, attorneys' fees, and such

other just and equitable relief as this Honorable Court deems proper.

## COUNT V
## THOMAS MARINO v. ALL DEFENDANTS

102.    Plaintiff, Thomas Marino, incorporates the averments set forth in paragraphs one

(1) through one hundred and one (101), above, as though they are fully set forth below.

103.    Plaintiff, Thomas Marino, as a direct result of the recklessness and negligence of

Defendants and their agents, servants, work persons, ostensible agents and employees, has no

meaningful choice other than to donate a kidney to the kidney bank in an effort to reduce the risk

that his son could die or suffer other serious complications while waiting for a kidney to become

available[2].

104.    Thomas Marino has agreed to donate a kidney to the kidney bank and has begun

the pre-surgical testing.

105.    As a direct and proximate result of Defendants' recklessness and negligence,

Thomas Marino will sustained severe, permanent, and life-threatening injuries, including, *inter*

*alia*:  the loss of his kidney, exposure to the risks of surgery, physical pain/discomfort, fatigue,

---

[2] Jason Marino's mother is a diabetic and his brother has special needs.  As such, neither are suitable donors.

mental anguish, and depression.

106.    As a direct and proximate result of Defendants' recklessness and negligence, Thomas Marino will have restrictions and risks for the remainder of his life related to living with only one kidney.

107.    As a direct and proximate result of Defendants' recklessness and negligence, Thomas Marino will been compelled to expend large sums of money for medicine and medical attention and will expend additional sums for the same purposes in the future.

108.    As a direct and proximate result of Defendants' recklessness and negligence, Thomas Marino has suffered in the past, and will suffer in the future, an inability to perform his usual and daily duties, labors, occupations, and avocations.

109.    As a direct and proximate result of Defendants' recklessness and negligence, Thomas Marino has and will continue to suffered physical pain, mental anguish, humiliation, and the loss of life's pleasures, and he will continue to suffer the same for an indefinite time in the future.

110.    As a direct and proximate result of Defendants' recklessness and negligence, Thomas Marino has suffered in the past, and will suffer in the future, a loss of earnings and earning capacity.

WHEREFORE, Plaintiff, Thomas Marino, demands judgment against Defendants, Pilot Travel Centers, LLC and Sovereign Consulting, Inc., for compensatory and punitive damages in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), plus interest, attorneys' fees, and such other just and equitable relief as this Honorable Court deems proper.

## COUNT VI -- LOSS OF CONSORTIUM
## LISA MARINO v. PILOT TRAVEL CENTERS, LLC
## AND SOVEREIGN CONSULTING, INC.

111.    Plaintiff, Lisa Marino, incorporates the averments set forth in paragraphs one (1)

through one hundred and ten (110), above, as though they are fully set forth below.

112.    Plaintiff, Lisa Marino, as a direct result of the recklessness and negligence of

Defendants and their agents, servants, work persons, ostensible agents and employees, has lost

the usual support, society, comfort and economic support of her husband, Thomas Marino; has

been deprived of the consortium, assistance, companionship and useful services of her husband;

has been required to provide special services and care for her husband; and has been in the past,

is presently, and will in the future be required to expend sums of money for medical treatment

for her husband.

WHEREFORE, Plaintiff, Lisa Marino, demands judgment against Defendants, Pilot

Travel Centers, LLC and Sovereign Consulting, Inc., for compensatory damages in excess of

One Hundred and Fifty Thousand Dollars ($150,000.00), plus interest, attorneys' fees, and such

other just and equitable relief as this Honorable Court deems proper.

Respectfully submitted,

VILLARI, LENTZ, & LYNAM

Leonard G. Villari, Esquire
Thomas A. Lynam, Esquire
Attorney I.D. No. 83817 / 68844
1600 Market Street, Ste. 1800
PNC Building
Philadelphia, PA 19103
215-568-1990
E-Mail: tlynam@vll-law.com

Dated: 8/7/14

18

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Jason Marino and Joy Marino, h/w, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Pilot Travel Centers, LLC, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits.                                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
   exposure to asbestos.                                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
   commonly referred to as complex and that need special or intense management by
   the court.  (See reverse side of this form for a detailed explanation of special
   management cases.)                                                                           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.              (X)


| | | |
|---|---|---|
| __08/07/2014_____ | __Thomas A. Lynam, III___ | __Plaintiffs_____ |
| **Date** | **Attorney-at-law** | **Attorney for** |
| _215-568-1990_____ | __215-568-9920_____ | _tlynam@vll-law.com_____ |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __324 Diamond Street, Slatington, PA 18080__

Address of Defendant: __5508 Lonas Drive, Knoxville, TN 37909-3221__

Place of Accident, Incident or Transaction: __1623 Oliver Roas, New Milford, PA 18834-7517__
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☒  No☐
*RELATED CASE, IF ANY:*
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) __Negligence__

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, __Thomas A. Lynam, III__, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: __08/07/2014__   _____   __83817__
Attorney-at-Law   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __08/07/2014__   _____   __83817__
Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)

ARBITRATION CERTIFICATION

*(Check appropriate Category)*

I,_____Thomas A. Lynam, III, Esquire_____, counsel of record do hereby certify:

        ☒    Pursuant to Local Civil Rule 53.2, Section 3(c) (2), that to the best of my knowledge and belief,
the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of
interests and costs;

        ☒    Relief other than monetary damages is sought.

Date:___08/07/2014___     _____     _____83817_____
                                      Attorney at Law                 Attorney I.D. #

        NOTE:   A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within care is not related to any case now pending or within one year previously
terminated action in this court except as noted above.

Date:___08/07/2014___     _____     _____83817_____
                                        Attorney at Law                 Attorney I.D. #

CIV. 609

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| Jason Marino and Joy Marino, h/w, et al. <br><br> _____ <br> *Plaintiff(s)* <br> v. <br> Pilot Travel Centers, LLC, et al. <br><br> _____ <br> *Defendant(s)* | ) <br> ) <br> ) <br> ) <br> ) <br> )    Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Pilot Travel Centers, LLC
5508 Lonas Drive
Knoxville, TN 37909-3221

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Villari, Lentz & Lynam, LLC
1600 Market Street
Suite 1800
Philadelphia, PA 19103

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____08/07/2014_____          _____
                                                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Pilot Travel Centers, LLC

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .


I declare under penalty of perjury that this information is true.


Date: _____          _____
                                                     *Server's signature*

                               _____
                                                     *Printed name and title*


                               _____
                                                     *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Pennsylvania

| | |
|---|---|
| Jason Marino and Joy Marino, h/w, et al. | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| | ) |
| Pilot Travel Centers, LLC, et al. | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Sovereign Consulting, Inc.
111-A North Gold Drive
Robbinsville, NJ 98691

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Villari, Lentz & Lynam, LLC
1600 Market Street
Suite 1800
Philadelphia, PA 19103

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:   _____08/07/2014_____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Sovereign Consulting, Inc.

was received by me on *(date)*                                    .

❑ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc: